IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**GRANT WILLIAM ESTEP,**

    **Plaintiff,**

v.                               CIVIL ACTION NO. 2:11-cv-00766

**Michael J. Astrue,**
**Commissioner of Social Security,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

       This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff Grant William Estep's (hereinafter "Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to the undersigned by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed December 15, 2011. (ECF No. 7.) Claimant has not responded to the Motion.

       The Commissioner seeks dismissal of Claimant's complaint on the ground that it was filed on October 18, 2011, one day after the time for instituting the civil action had expired.

       The Commissioner asserts Claimant did not comply with the 60-day requirement for filing an appeal found in 42 U.S.C. § 405(g). In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement

of 42 U.S.C. § 405(g).

The court proposes that the presiding District Judge make the following findings as to the procedural history in this case:

1. On April 11, 2011, an Administrative Law Judge issued a decision denying Claimant's application. (ECF No. 7-1, pp. 5-13.)

2. On August 11, 2011, the Appeals Council considered additional evidence offered by Claimant, but determined it did not provide a basis for changing the ALJ's decision. (ECF No. 7-1, pp. 14-17.)

3. The Notice of the Appeals Council advised Claimant that he had 60 days to seek court review, that the 60-day period begins to run the day after he receives the letter and that Social Security assumes he received the letter five days after the date on it unless he can show otherwise. (ECF No. 7-1, pp. 15-16.)

4. Claimant presumably received the Notice of the Appeals Council on August 16, 2011.

5. The 60-day period for filing an appeal in federal court ran on Saturday, October 15, 2011. Because this day was a Saturday, Claimant's appeal was due on the next business day, Monday, October 17, 2011. Fed. R. Civ. P. 6(a)(1)(C).

6. Claimant's complaint was not filed until Tuesday, October 18, 2011. (ECF No. 2.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within

> sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2011). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2011). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

The filing requirement of § 405(g) is not jurisdictional. Bowen v. City of New York, 476 U.S. 467, 478-79 (1986). Instead, it is a statute of limitations subject to equitable tolling. Id. In Bowen, the Supreme Court held that equitable tolling applies "[w]here the government's secretive conduct prevents plaintiffs from knowing of a violation of right …." Id. at 481 (citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); Hyatt v. Heckler, 807 F.2d 376, 380-81 (4th Cir. 1986) (finding that tolling is warranted in light of Secretary's (now Commissioner's) secretive policy of

3

nonacquiescence with the law of circuit). In Irwin, the Supreme Court directed that a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way. Irwin, 498 U.S. at 96.

Based on the facts as set forth above and without a response from Claimant offering any sort of explanation for the late filing, the court proposes that the presiding District Judge find that Claimant did not file his complaint on time pursuant to 42 U.S.C. § 405(g) and the applicable regulation, and that there are no grounds for equitable tolling.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the District Court GRANT the Defendant's Motion to Dismiss Plaintiff's Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and 72(b)(1) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474

U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

<u>  March 1, 2012  </u>  
      Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge